IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRAVIS GOLDEN,**

    **Petitioner,**

    v.                    **CASE NO. 2:11-CV-515**

                        **JUDGE EDMUND A. SARGUS, JR.**
                        **Magistrate Judge E.A. Preston Deavers**

**TIM BRUNSMAN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Motion to Dismiss*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (Doc. 7) be **GRANTED** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

## PROCEDURAL HISTORY

On February 16, 2001, after a jury trial in the Franklin County Court of Common Pleas, Petitioner was convicted of aggravated murder and improperly discharging a firearm at or into a habitation, with firearm specifications. *Exhibit 5 to Motion to Dismiss.* In a judgment entry filed on February 26, 2001, the trial court sentenced Petitioner to fifteen years to life incarceration plus a consecutive term of three years incarceration, and three years actual incarceration on the firearm specifications. *Exhibit 6 to Motion to Dismiss.* The Ohio Tenth District Court of Appeals affirmed Petitioner's convictions, and Ohio Supreme Court denied Petitioner's motion for a delayed appeal.

On March 17, 2005, Petitioner filed a federal habeas corpus petition challenging his convictions and sentence. On March 29, 2006, however, this Court denied Petitioner's § 2254 petition as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Exhibit 3 to Motion to Dismiss.* The United States Court of Appeals for the Sixth Circuit dismissed Petitioner's subsequent appeal as untimely, and on March 13, 2007, denied Petitioner's motion for reconsideration. *Exhibit 4 to Motion to Dismiss.*

Petitioner has subsequently pursued post conviction relief in the state courts and filed a motion for new trial based on newly discovered evidence. *See State v. Golden*, No. 09AP-1004, 2010 WL 3641550 (Ohio App. 10th Dist. Sep. 21, 2010).

On June 21, 2011, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States because the prosecutor unconstitutionally failed to disclose exculpatory evidence to the defense, *i.e.*, evidence that Yvonne Jennings witnessed another man kill the victim in this case, Ersking J. Hamber. *See Memorandum in Support of Petition.*

Plainly, this action constitutes a successive petition. 28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997).

Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curia*).  Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit.  The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty.  28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without **§**2244(b)(3)(A) authorization in *In re Sims:*

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

111 F.3d at 47*; see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(per curia).

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (Doc 7) be **GRANTED**, and that the instant petition be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit for authorization for filing pursuant to § 2244(b)(3)(A).

3

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                          s/ *Elizabeth A. Preston Deavers*
                                                   **ELIZABETH A. PRESTON DEAVERS**
                                                   **UNITED STATES MAGISTRATE JUDGE**

Date:  September 13, 2011